GLD-097                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3476
_____

JOHN HART,
                                        Appellant

v.

BROOKE TANNERY; CHRISTOPHER FERRY, INDIVIDUALLY
AND IN HIS OFFICAL CAPACITY AS A
POLICE OFFICER OF THE HILLTOWN TOWNSHIP POLICE DEPARTMENT;
HILLTOWN TOWNSHIP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-03675)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2012

Before:  FUENTES, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed: February 8, 2012)
_____

OPINION
_____

PER CURIAM

        John Hart appeals from an order of the United States District Court for the Eastern

District of Pennsylvania, which denied his motion to seal the District Court record.  For

1

the reasons that follow, we will affirm the District Court's order.

The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision. On July 28, 2010 Hart filed an amended complaint pursuant to 42 U.S.C. § 1983 in the District Court against Brooke Tannery, police officer Christopher Ferry, and Hilltown Township. The complaint alleged violations of his constitutional rights, and also included counts based on malicious prosecution, abuse of process, false arrest/false incarceration, and negligent misrepresentation, stemming from Hart's arrest and incarceration in 2008 for alleged harassment of Tannery. The District Court granted the defendants' motions to dismiss on March 14, 2011. Hart's appeal from the order was dismissed as untimely, and his request to file his motion to proceed in forma pauperis ("IFP") under seal in this Court was denied. Hart v. Tannery, C.A. No. 11-2008 (3d Cir. June 28, 2011).

In August 2011, Hart returned to the District Court and filed a "Motion to Seal the Record for Failure to Comply with Federal Rules of Civil Procedure." Hart argued in the motion that Defendant Tannery had included "inflammatory and extraneous materials" with her 12(b)(6) motion to dismiss his complaint, and that extraneous material should not have been considered under that Rule of the Federal Rules of Civil Procedure. He argued that because the documents were included for an "improper purpose," the record should be placed under seal, pursuant to the District Court's supervisory power. Hart also noted that after the complaint was dismissed, he was "granted expungement of a docket in state court which resulted in the removal and deletion from the public record of some of the same documents which Defendant Tannery improperly attached to her

2

12(b)(6) motion,"[1] and that he had other expungement petitions pending that might result in expunging from the public record other documents that Tannery had included with her filing. He asked the District Court to seal the District Court record and docket to avoid "defeat[ing] the purpose of the expungement order(s)."

The District Court denied the motion on August 10, 2011. Hart filed a timely notice of appeal.[2] Appellees Christopher Ferry and Hilltown Township filed a motion to quash the appeal. Hart filed a response in opposition to that motion, and also filed a submission in support of his appeal.

The motion to quash argues that this Court's prior order denying Hart's request to seal his IFP motion precludes Hart's request to seal the District Court record, and that the District Court lacked jurisdiction to entertain Hart's motion to seal the record. We agree with Hart that our prior order has no bearing on the propriety of sealing the District Court record, and agree that the District Court had jurisdiction to consider the request to seal.[3]

---

[1] Hart did not specify which documents had been expunged from the public record, nor did he include or reference any specific expungement order, or give any date for such an expungement. We note that the District Court opinion dismissing his complaint references a similar allegation from Hart that his criminal records associated with the arrest had at that time already been expunged. Dist. Ct. Op., dkt. #13, at 1 n.1 (March 14, 2011).

[2] Hart also filed a motion for reconsideration in the District Court. The District Court denied that motion on December 20, 2011. Hart has not appealed from that order.

[3] "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978).

However, we find that the District Court properly denied Hart's motion to seal.[4]

There is a presumption of access to judicial records. See In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). A party seeking to seal a portion of the judicial record bears the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking disclosure," Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994), and, further, that "[a] party who seeks to seal an *entire* record faces an even heavier burden." Id. (emphasis in original). Hart's motion in the District Court did not articulate a clearly defined injury, but instead alleged that certain unspecified documents attached to Tannery's motion to dismiss were "inflammatory, prejudicial, and immaterial," and that availability of those unspecified documents defeated the purpose of pending and completed expungement petitions that had expunged, or would expunge, "some of the same documents." These allegations do not meet the heavy burden of overcoming the presumption of access to judicial records. See Cendant Corp., 260 F.3d at 194 (for "the party seeking the closure of a hearing or the sealing of part of the judicial record[,] . . . [b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient"). To the extent Hart argues that the documents should not have been allowed or considered under Fed. R. Civ. P. 12(b)(6), that is an argument that should have been raised on direct appeal; the argument does not demonstrate that any serious injury would result from the availability of the documents.

---

[4] We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order denying the motion to seal. In re Newark Morning Ledger Co., 260 F.3d 217, 220 (3d Cir. 2001). We may summarily affirm an order of the District Court "if it clearly appears that no substantial question is presented" by the appeal. I.O.P. 10.6.

For the foregoing reasons, we will affirm the District Court's order.[5]



[5] The Motion of Appellees Christopher Ferry and Hilltown Township to Quash the Appeal, including the request to impose monetary sanctions on Hart, is denied.